UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OSBORNE, | Case No. 1:19-cv-01732-JLT-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT[1] |
| v. | |
| S. GATES, C. CRYER, D. ROBERTS, | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 14) |

Plaintiff Thomas Osborne is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the Court for screening. (Doc. No. 14, "SAC"). For the reasons stated herein, the undersigned recommends the district court dismiss the SAC for failure to state a claim.

**I. BACKGROUND**

**A. Procedural Posture**

Osborne initiated this action as a prisoner at the California Substance Abuse Treatment Facility. (Doc. No. 1). A prior 28 U.S.C. § 1915A screening order found the initial complaint failed to state a claim but permitted Plaintiff to file an amended complaint. (Doc. No. 9). In

---

[1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

summary, the first screening order warned Plaintiff about provisions of Fed. R. Civ. P. 8 requiring a short and plain statement of facts to support the claims, advised Plaintiff about § 1983 generally, and explained the elements of a medical deliberate indifference claim. (Doc. No. 9 at 1-4). Plaintiff filed a first amended complaint ("FAC"). (Doc. No. 12). The Court issued a second screening order directing the Clerk to re-send Plaintiff the first screening order and noting the FAC remained deficient because it contained no facts suggesting that any named defendants acted with deliberate indifference to Plaintiff's serious medical condition. (Doc. No. 13 at 1-2). Plaintiff was afforded the option to file a second amended complaint ("SAC") if he wished to proceed. (Doc. No. 13. at 1-2). Plaintiff now proceeds on his SAC.

**B. Summary of SAC**

Plaintiff's SAC is three pages in its entirety and identifies one Defendant named "S. Gates." (*See generally* Doc. No. 14). Under the statement of claim section, Plaintiff writes "cruel and unusual punishment." (*Id.* at 2). As facts, Plaintiff states he had surgery on his ankle for an unspecific medical condition. (*Id.*). After surgery, he was left in his cell for five weeks and did not have the staples removed. (*Id.*). Plaintiff declares medical staff had "forgotten it needed done." (*Id.*). As relief, Plaintiff seeks an order directing the State to get the medical care he needs for his ankle, for the State to be held accountable, and to pay him for unspecified pain and suffering. (*Id.* at 3).

## II. APPLICABLE LAW

**A. Screening under § 1915 and Fed. R. Civ. P. 8**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the Court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the Court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity considered during screening that would preclude relief, include quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. See 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than de minimis, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### B. Threshold Requirements of 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he or she does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### III. ANALYSIS

The undersigned liberally construes the reference to "cruel and unusual punishment" as alleging an Eighth Amendment claim. The SAC does not contain sufficient facts to set forth a viable Eighth Amendment claim stemming from deliberate indifference to a serious medical condition, excessive use of force, or conditions claim. Logically, because Plaintiff is alluding to

4

having had ankle surgery, the undersigned construes the claim as attempting to assert a deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To succeed on a medical care claim, a plaintiff must establish he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Estelle*, 429 U.S. at 106. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

Generally, a defendant acts with deliberate indifference if he was (1) subjectively aware of the serious medical need and (2) failed to adequately respond. *Farmer*, 511 U.S. at 828. The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. *See McGuckin*, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. *See Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. *See Lopez*, 203 F.3d at 1131. When delay is alleged, the prisoner must also demonstrate that the delay led to further injury. *See McGuckin*, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does

1  not give rise to an Eighth Amendment claim.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.
2  1996).  But deliberately ignoring a prisoner's prior physician orders for reasons unrelated to the
3  medical needs of a prisoner may show deliberate indifference.  *Hamilton v. Endell*, 981 F.2d
4  1062, 1066-67 (9th Cir. 1992) (overruled on other grounds).

5  Turning to the elements of an Eighth Amendment claim involving deliberate indifference
6  to a serious medical condition, the SAC acknowledges that Plaintiff had surgery on his ankle and
7  apparently had staples in from the surgery he believed should be removed.  An objectively serious
8  medical condition is one, that if left unattended, could result in further significant injury or cause
9  the unnecessary and wanton infliction of pain.  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th
10 Cir. 2014).  Additionally, indications that a plaintiff has a serious medical need include when a
11 reasonable doctor would find the condition worthy of treatment, or a condition that significantly
12 affects the individual's daily activities, or the existence of chronic and substantial pain.  *Id.*
13 Notably, Plaintiff had surgery for some medical condition related to his ankle.  Thus, Plaintiff is
14 not claiming that his is not being provided the necessary surgery for this previous medical
15 condition.  Instead, Plaintiff complains that the staples from the surgery have not yet been
16 removed.  The Court is not aware of any binding precedent that not having staples removed five
17 weeks after surgery constitutes a serious medical condition.  And there are no factual allegations
18 in the SAC from which the Court can construe that this fact alone constitutes a serious medical
19 condition.  Nowhere does Plaintiff allege he was suffering any complications from the staples not
20 being removed.  Thus, the SAC fails to identify the first prong necessary to articulate an Eighth
21 Amendment deliberate indifference claims—a serious medical condition.

22 Even assuming *arguendo* that the SAC contains sufficient facts to satisfy the first element
23 for an Eighth Amendment medical conditions claim, the SAC does not contain sufficient facts to
24 satisfy the second prong for two reasons.  First, the SAC identifies S. Gates as the sole Defendant
25 but there are no allegations that Plaintiff requested S. Gates to remove the staples and Gates
26 refused.  Thus, there is no causal connection between the claimed injury and any action or
27 inaction by S. Gates.  Second, even if the Court attributes the failure to act to S. Gates, Plaintiff
28 states that failure to remove the staples was due to an oversight, *i.e.*, unnamed medical staff had

"forgotten it needed done." (Doc. No. 14 at 2). These facts do not describe that S. Gates was (1) subjectively aware of the serious medical need and (2) failed to adequately respond. *Farmer*, 511 U.S. at 828. At most, the claim sounds in negligence. Indeed, the SAC refers to the allegedly improper action as "neglect." (*See* Doc. No. 14 at 3) (requesting payment for "neglect"). As the Supreme Court noted, a negligence claim does not become a constitutional issue violative of the Eighth Amendments solely because the patient is an inmate. *Estelle*, 429 U.S. at 105.

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the undersigned finds Plaintiff's SAC does not allege any Eighth Amendment claim, including a deliberate indifference to a serious medical condition claim. Despite being provided with the relevant pleading and legal standards, Plaintiff was unable to cure the deficiencies by prior amendments and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect the sole defendant identified on the Second Amended Complaint as S. Gates and terminate Defendants C. Cryer and D. Roberts because neither are named in the operative pleading.

It is further **RECOMMENDED**:

Plaintiff's Second Amended Complaint be dismissed and the case be closed.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

////

////

Dated: May 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE