UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OSBORNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, C. CRYER, D. ROBERTS,<br><br>　　　　Defendants. | Case No.  1:19-cv-01732-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE A THIRD AMENDED COMPLAINT<br><br>(Doc. 18, 19) |

　　　　The magistrate judge issued findings and recommendations recommending the district court dismiss Plaintiff's second amended complaint ("SAC") for failure to state a claim arising under the Eighth Amendment. (Doc. 18 at 1-8.) The findings and recommendations provided notice to Plaintiff that he had fourteen days to file any objections. (*Id*. at 1, 8.) Instead of filing objections, Plaintiff filed a motion for leave to file a third amended complaint. (Doc. 19.)

　　　　According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis insofar as they recommend dismissal of the SAC. As set forth in the findings and recommendations, Plaintiff alleges in the SAC that he had surgery on his ankle for an unspecified medical condition. (Doc. 18 at 2.) Plaintiff further asserts that staples remained in his ankle for five weeks after the surgery. (*Id.* at 3, 4-8.) The SAC alleges that "medical staff" had "forgotten" to remove the

staples from Plaintiff's ankle following surgery. (*Id.* at 2.) The findings and recommendations correctly conclude that the SAC fails to state a deliberate indifference claim because, among other things, the SAC fails to allege facts that suggest the sole defendant, S. Gates, was subjectively aware of a medical need and failed to adequately respond to that need. (*Id.* at 7-8.)

Plaintiff seeks leave to file a Third Amended Complaint. Though Plaintiff has been given two prior opportunities to file amended complaints, he now submits a declaration from someone in the prison who is prepared to assist him with amending his complaint. (Doc. 19.) Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Here, although the Court has serious doubts about Plaintiff's ability to state a claim, it cannot conclusively find that he would be unable to successfully amend with some assistance. Therefore, in an abundance of caution, Plaintiff will be afforded on final opportunity to amend his complaint. Accordingly,

1. The Findings and Recommendations issued on May 25, 2022 (Doc. 18) are **ADOPTED IN PART**.

2. The second amended complaint (Doc. 14) is **DISMISSED**.

3. Plaintiff's motion to file a third amended complaint (Doc. 19) is **GRANTED**.

4. Plaintiff shall file an amended complaint within 30 days of the date of this order.

5. Plaintiff is warned that this will be his final opportunity to amend.

IT IS SO ORDERED.

Dated:   **June 16, 2022**

UNITED STATES DISTRICT JUDGE

2