**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS OSBORNE, | Case No. 1:19-cv-1732 JLT HBK (PC) |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| S. GATES, C. CRYER, D. ROBERTS, | (Doc. 20) |
| Defendants. | |

On June 16, 2022, the Court dismissed Plaintiff's second amended complaint and granted leave to amend. (Doc. 20 at 2.) Plaintiff was informed that it was his "final opportunity to amend his complaint," and any third amended complaint was due within 30 days of the date of service, or no later than July 18, 2022. To date, no amended complaint has been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone*

*v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.  The Ninth Circuit indicated "[t]jhese factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Allen v. Bayer Corp.* 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. c. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

This case has been pending since Plaintiff initiated this action on December 11, 2019. (Doc. 1.)  Previously, the Court found the second amended complaint failed to state a claim and dismissed the pleading with leave to amend.  (Doc. 20 at 1.)  Thus, there is currently no operative complaint pending in this matter.  Plaintiff failed to prosecute the action by filing a third amended complaint. The public's interest in expeditiously resolving this matter and the Court's interest in managing the docket weigh in favor of dismissal of this action. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").  The Court will not, and cannot, allow cases to linger indefinitely. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Further, a presumption of prejudice arises when the plaintiff, as here, delays prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Due to Plaintiff's failure comply with the Court's order and failure to take any additional action to prosecute claims in this case, the Court finds dismissal, without prejudice, is appropriate.

///

Based upon the foregoing, the Court **ORDERS**:

1. The case is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **August 3, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE